IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS, | ) | CASE NO. 8:09CV207 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| FEDERAL BUREAU OF INVESTIGATIONS, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on June 23, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on June 23, 2009, against the Federal Bureau of Investigations ("FBI"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that "Kelli C. Sparks . . . illegally brandished [an] assault rifle," but "Don Kleine" would not prosecute her. (*Id*.) Plaintiff asks the court to issue a "writ of mandamus compelling [the FBI] to discharge their function and arrest Kelli C. Sparks." (*Id*.)

II. **APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Collyer v. Darling,* 98 F.3d 211, 222 (6th Cir. 1996); *see also United States v. Batchelder,* 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *Rzayeva v. United States*, 492 F.Supp. 2d 60, 73 (D. Conn. 2007) ("[T]his Court lacks jurisdiction to order federal agents to initiate a prosecution."). In light of these findings, Plaintiff's request for a "writ of mandamus" to compel the FBI to arrest "Kelli C. Sparks" must be dismissed.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice.; and

2.  A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of August, 2009.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.